## HOVLAND v. SMITH. *

Circuit Court of Appeals, Ninth Circuit.
November 21, 1927.

No. 5148.

I. Partnership ⬯340—Court retaining jurisdiction to wind up partnership affairs could require bond of partner purchasing assets to indemnify other partner against particular claim.

Where court, by decree ordering sale of partnership property, retained jurisdiction for any further order necessary in or incident to winding up its affairs, it had jurisdiction thereafter to order partner purchasing assets to file bond indemnifying other partner against claim being litigated against partnership.

2. Appeal and error ⬯715(2)—Affidavit presented for first time to appellate court cannot be considered in reviewing judgment.

Affidavit presented for the first time to the appellate court cannot be considered in reviewing the judgment by the trial court.

3. Partnership ⬯340—Reassignment of interest in partnership assigned by partner pending sale of partnership assets held not insufficient, because running to himself and wife.

Where one partner, pending sale of partnership property pursuant to decree therefor, assigned interest in such partnership assets as security, and thereafter secured reassignment to himself and wife, such reassignment was not insufficient, for reason that it ran to himself and wife, who had joined as grantor in original assignment.

Appeal from the District Court of the United States for the District of Arizona; Maurice T. Dooling, Judge.

Suit by Hoval A. Smith against Henry B. Hovland. From an order confirming sale of partnership property, defendant appeals. Affirmed.

In a suit brought by the appellee against the appellant for an accounting and settlement of the partnership affairs of Hovland & Smith, a decree was entered in the court below, adjudging that the appellant was indebted to the partnership in the sum of $145,779.01, and that the partnership was·indebted to the appellee in the sum of $187,448.09, and ordering that the partnership property and assets be sold and converted into money by a special master, who was appointed to carry out the provisions of the decree. The master gave notice that the sale would be had on August 11, 1926. The appellant moved to postpone the sale on various grounds, and claiming that, if given an additional 30 days, he would secure bidders who would bid in excess of $200,000 for the property. By order of court the sale was postponed until September 20, 1926, and the property was advertised for sale on that date. Ten days before that date the appellant applied for an order that the master have the stock certificate evidencing the ownership of 13 shares of the capital stock of the Warren Ranch, standing on the books of that company in the names of the appellant and the appellee, transferred and registered on the books of said corporation in the master's name, and he also filed a petition to vacate the order of sale, for the reason that the appellee had assigned all his right, title, and interest in the partnership assets to Phelps-Dodge Corporation, which corporation was not a party to the suit, and a sale by the master would pass a defective title. Thereupon the appellee filed with the clerk of the court below a disclaimer or reassignment from Phelps-Dodge Corporation to the appellee and his wife. The application to have the shares of stock in the Warren Ranch registered in the master's name was denied.

On September 20, 1926, the master sold the partnership assets to the appellee for $170,000; he being the only bidder. The appellant opposed the confirmation of the sale, claiming that the price bid by the appellee was inadequate, and that, if the court would order a resale, he would produce a bidder who would bid in excess of $200,000. Confirmation was postponed until October 21, 1926, in order to give the appellant time to produce the promised bidder. On that date he produced one Blymer, who expressed the opinion that the property was worth more than $200,000, and stated that, if his appraisal was confirmed by his associate, he would pay that sum on a resale of the property. The court ordered that the sale be confirmed unless, on or before October 22, 1926, Blymer should deposit with the clerk 6 per cent. per annum upon $170,000 from that date to November 24, 1926, in addition to $60, the expense of readvertising, the deposit to be forfeited in the event that, upon a resale, Blymer should fail to make an unconditional bid in the sum of $200,000. The deposit was made, and the property was readvertised for sale on November 24, 1926. On that day the appellee again was the only bidder, and bid in the property at $170,000. The appellant filed objections to the confirmation, but the objections were overruled, and on December 26, 1926, the sale was confirmed

*Rehearing denied January ·9, 1928.

to the appellee. From the order of confirmation this appeal is taken.

Chas. R. Morfoot and Arthur F. Coe, both of Los Angeles, Cal., for appellant.

John M. Ross, John E. Sanders, and Ellinwood & Ross, all of Bisbee, Ariz., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellant assigns error to the overruling of his objections to the confirmation of the sale. The first objection was that the court should have required the appellee to deposit in cash the amount necessary for the payment of the expenses of litigating a certain claim held by one Fox against the partnership and of settling the claim, if it should be adjudged valid. The decree had directed that the proceeds of the sale be applied, first, to the payment of costs and expenses, and, second, to the payment of the expense of litigating the claim of Fox and settling the same, if adjudged valid. But the decree also gave to the appellee the right to use the bidding power of his judgment against the partnership in payment of the purchase price of the property, if he bid it in. This he did, but there was no money belonging to the partnership, and no fund in his hands which he could have devoted to the Fox litigation. To protect the appellant, therefore, the court, before confirming the sale, ordered the appellee to file a bond in the sum of $40,000 as indemnity to appellant against the Fox claim, and the order was complied with. It was not the appellee's fault that there were no funds to meet the Fox litigation, and there is nothing to show that the appellant was not amply protected by the bond. To the contention that the court had lost jurisdiction to order the filing of the bond, it is a sufficient answer that the decree, by its express terms, had retained jurisdiction to make any further order necessary in or incident to the winding up of the affairs of the partnership.

[2] The second objection was that the master had permitted 13 shares of the 20 shares of the Warren Ranch to remain standing in the names of the appellant and the appellee, the effect being to discourage bidders and prevent the realization of a fair price on the sale of the stock. The stock, however, was in the actual possession of the master, and so far as the record informs us no evidence was offered in the court below that, on account of the status of the stock, bidders were discouraged or the realization of a fair price was prevented. The appellant relies on two affidavits, which in his brief he presents to this court; but they are not included in the bill of exceptions, and it must be presumed that they were not brought to the attention of the court below. Such being the case, they have no place in a review of the judgment of that court. Southern Pac. Co. v. Stephany, 255 F. 679; Atchison, T. & S. F. Ry. Co. v. Nichols, 2 F.(2d) 12.

[3] The third objection was that the interest of the Phelps-Dodge Corporation had not been cleared up, so as to enable the master to pass a good title at the sale. That interest arose in this way: At about the time of commencing the present suit, the appellee and his wife executed to the Phelps-Dodge Corporation a deed of certain mining claims, and to secure the grantee against any defect or failure of title, or liens or incumbrances thereon, they executed to the grantee an assignment of the appellee's interest in the property and assets of Hovland & Smith. In January, 1922, the appellant consented to the entry of an order in the court below confirming the sale of the mining claims to the Phelps-Dodge Corporation, thereby satisfying the purpose of the appellee's assignment, and later, pending the advertisement of the sale of the partnership property, the appellee, obeying a suggestion of the court, obtained and filed with the clerk in the court below a disclaimer or reassignment from Phelps-Dodge Corporation to himself and his wife. We find no merit in the contention that the reassignment is not sufficient, either for the reason that there was no evidence by whose authority it was filed, or that the corporation made no appearance by an attorney, or that the reassignment runs, not to Smith alone, but to Smith and his wife. No such objection was made in the lower court. Obviously the appellee's wife is named as a grantee in the reassignment for the natural reason that she joined as a grantor in the original assignment.

We find no error. The order is affirmed.