UNITED STATES, Appellee,

v.

**Private El Douglas R. WALKER, 571–19–9747, United States Army, Appellant.**

ACMR 8702915.

U.S. Army Court of Military Review.

17 Jan. 1989.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before DeFORD, KENNETT, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

Appellant was convicted, contrary to his pleas, of absence without authority, larceny, forgery and defrauding the United States in violation of Articles 86, 121, 123 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 923 and 932 (1982) [hereinafter UCMJ]. His approved sentence included a dishonorable discharge, confinement for two years and total forfeiture of all pay and allowances.

Appellant has assigned three errors in this appeal: denial of his right to a speedy trial; illegal pretrial punishment; and failure to state and prove the offense of forgery. We find there is no merit to appellant's allegations of denial of speedy trial and illegal pretrial punishment. However, appellant's allegation of failure to state and prove the offense of forgery has merit and we will correct this prejudicial error in the proceedings.

I

The speedy trial issue was extensively litigated at trial and was decided adversely to the appellant by the military

judge.[1] The thrust of the defense's argument was that the entire period of appellant's pretrial confinement, a period in excess of 120 days, should have been charged to the government, thereby warranting dismissal of the case. The military judge, however, found that much of appellant's confinement was not attributable to governmental inactivity but rather to appellant's prosecution for and conviction of civilian offenses. The judge concluded that appellant's pretrial confinement for military offenses involved a period of 79 days and was therefore insufficient to establish that he was denied a speedy trial. We hold that the military judge's decision was correct inasmuch as the length of the delay failed to trigger either a presumption of a statutory violation under Article 10, UCMJ, *United States v. Burton,* 44 C.M.R. 166 (C.M.A.1971), or a violation of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707(a). Consequently, the appellant was not denied a speedy trial.

## II

■ Our examination of the supporting authority for appellant's attack on the forgery offense reveals that appellant's forgery of another soldier's signature on the latter's military identification card may not be a basis for the offense as it did not impose a legal liability on the other soldier. *See United States v. Thomas,* 25 M.J. 396 (C.M.A.1988). The absence of that essential element of the offense voids appellant's conviction of forgery. Therefore, we will take corrective action in our decretal paragraph.

## III

■ The remaining assignment of error concerns appellant's alleged pretrial punishment as a result of the time he spent incarcerated before trial in the Cumberland County, North Carolina, jail. Appellant contends for the first time on appeal that, because the conditions were so onerous, we should find illegal pretrial punishment in

violation of Article 13, UCMJ. He requests administrative credit for the time spent in the jail. In support of his prayer, he has appended to his brief an excerpt from a record of trial of another soldier who had also been incarcerated in the jail at about the same time as appellant describing the conditions during his incarceration. He has also submitted his own handwritten, unsworn statement, dated six months after trial, in which he suggests that the Cumberland County jail failed to meet acceptable standards for a military confinement facility. This statement includes assertions that the food was bad and infested with vermin; that he was compelled to live with convicted prisoners; that he did not receive necessary health and welfare items; and that he suffered other assorted physical indignities. The government argues that appellant has waived this assignment of error by having failed to raise it at trial. Alternatively, the government asserts that, even if we were to accept appellant's allegations as true, appellant has still not shown a violation of Article 13, UCMJ.

We hold that the conditions of appellant's pretrial confinement as set forth in the appellate appendices as well as the entire record of trial do not demonstrate a violation of Article 13 of the Code. Article 13 of the Code provides:

No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

The Court of Military Appeals has expressed the view that a particular treatment or condition of a pretrial confinee must either be intended as punishment or amount to punishment before it becomes violative of the statute. Thus, in *United States v. Palmiter,* Judge Cox opined that

---

1. This issue was also raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431

(C.M.A.1982).

commingling of pretrial confinees with sentenced prisoners was not *per se* pretrial punishment but had to be tested by the criterion of the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *United States v. Palmiter*, 20 M.J. 90, 95 (C.M.A.1985). Quoting from that case, the court adopted the following analysis:

[I]n the absence of a showing of intent to punish, a court must look to see if a particular restriction or condition, which may on its face appear to be punishment, is instead but an incident of a legitimate nonpunitive governmental objective.

*United States v. Palmiter*, 20 M.J. at 95 (quoting *Bell v. Wolfish*, 441 U.S. at 539, 99 S.Ct. at 1874). Judge Cox determined that Palmiter had not been punished in violation of Article 13 by being commingled with sentenced prisoners. In his concurring opinion, Chief Judge Everett cited the same language from the Supreme Court's opinion but concluded that commingling of the two types of prisoners was a violation of Article 13 based on existing precedents. *United States v. Palmiter*, 20 M.J. at 98 (Everett, C.J., concurring in the result) (citing *United States v. Pringle*, 41 C.M.R. 324 (C.M.A.1970); *United States v. Nelson*, 39 C.M.R. 177 (C.M.A.1969); *United States v. Bayhand*, 21 C.M.R. 84 (C.M.A.1956)). He also added that he would find a violation of the statute where "conditions are far more onerous than would be required to assure the detainee's presence." In a subsequent decision, both judges agreed that evidence of governmental intention to punish a pretrial confinee is the touchstone for finding an Article 13 violation. *United States v. Destefano*, 20 M.J. 347 (C.M.A. 1985). More recently, in *United States v. Cruz*, the court found that Article 13 of the Code was violated when a commander publicly apprehended forty soldiers out of a unit formation, stripped them of their unit insignia, ridiculed them for their drug activity and assigned them to a separate platoon composed only of miscreants. *United States v. Cruz*, 25 M.J. 326, 328–29 (C.M.A. 1987). The Court held that the commander's actions constituted a public denunciation and degradation of the accused which,

historically, was a form of punishment reserved for individuals convicted of a crime. *United States v. Cruz*, 25 M.J. at 330. Its imposition prior to trial was therefor impermissible under the statute.

In *United States v. Daniels*, 23 M.J. 867 (A.C.M.R.1987), this court considered this precise issue in a factual context similar to this case but with a more complete development of the facts bearing on the issue. As has the appellant here, Daniels alleged that conditions in the Cumberland County jail deprived him of the protection of Article 13, UCMJ. The court held that although the jail lacked some of the amenities required by Army regulation for Army confinement facilities, it did not violate the proscription of Article 13 and any other test of enlightened penal standards against pretrial punishment. Our examination of the evidence in this case viewed in light of *United States v. Cruz, supra*, convinces us that the holding in *Daniels* remains applicable and appellant's confinement here did not constitute pretrial punishment. There is no evidence in either the record or appellate appendices to indicate that the government intended to impose punishment upon appellant. Nor has appellant established that the conditions of his incarceration were so rigorous as to support his argument that he has suffered punishment.

## IV

■ Notwithstanding our rejection of appellant's argument on the merits, we also find that appellant waived his right to assert this issue on appeal. In so holding, we note the ruling of *United States v. Johnson*, 41 C.M.R. 49 (C.M.A.1969), in which the Court of Military Appeals applied an exception to the waiver rule based on Article 13. In *Johnson*, appellant did not allege a violation of Article 13 at his court-martial but instead raised it for the first time on appeal to the United States Court of Military Appeals. The government opposed Johnson's claim by relying on the Court's long-standing waiver policy enunciated in *United States v. Roberts*:

Ordinarily appellate courts review claimed errors only on the basis of the

error as presented to the lower courts, *Hovland v. Smith*, 22 F.2d 769 (CA 9th Cir)(1927); however, this court will review material outside the record having to do with insanity, *United States v. Bell*, 6 U.S.C.M.A. 392, 20 C.M.R. 108, and jurisdiction, *United States v. Dickenson*, 6 U.S.C.M.A. 438, 20 C.M.R. 154. *United States v. Roberts*, 22 C.M.R. 112, 115 (C.M.A.1956).

Despite the government's submission, the Court held, "Imposition of punishment in violation of Article 13, Code, *supra*, 10 U.S.C. § 813, can, in our opinion, assume such serious proportions as to justify post-trial consideration." *United States v. Johnson*, 41 C.M.R. at 50. Critical to the Court's declaration of this principle was the fact that the allegations involved a "serious" violation of the statute. Also, the issue arose during a period in the development of military law when pretrial confinement was not reviewed by military magistrates with judicial training. *See Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976). Moreover, Army defense counsel then were not assigned as they are now to legal organizations separate from and independent of a local staff judge advocate office. *Compare United States v. Kitchens*, 31 C.M.R. 175 (C.M.A.1961), *with* Army Regulation 27–10, Legal Services: Military Justice, para. 6–3 (18 March 1988).

In the last two decades, this court has occasionally followed the mandate of *Johnson* and sometimes permitted appellants to raise the issue for the first time on appeal. *See United States v. Peacock*, 19 M.J. 909 (A.C.M.R.), *petition denied*, 20 M.J. 205 (C.M.A.1985); *United States v. Travier*, 42 C.M.R. 427 (A.C.M.R.1970). Conversely, and consistent with the general rule stated in *Roberts, supra*, we have also found waiver in the appellant's failure to present the issue to the trial court. *United States v. Huelskamp*, 21 M.J. 509 (A.C.M.R.1985); *United States v. Martinez*, 19 M.J. 744 (A.C.M.R.1984), *petition denied*, 21 M.J. 27 (C.M.A.1985). The United States Air Force Court of Military Review has been similarly unreceptive to post-trial litigation of Article 13 issues. *United States v. Gambini*, 10 M.J. 618 (A.F.C.M.R.1980), *sentence reversed on other grounds*, 13 M.J. 423 (C.M.A.1982); *United States v. Henry*, 41 C.M.R. 946 (A.F.C.M.R.1969), *petition denied*, 41 C.M.R. 403 (C.M.A.1970). The distinguishing feature between those cases in which review was granted and those in which the issue was deemed waived has been the egregiousness of the governmental action alleged to violate the statute. The distinction is more apparent than real, however, since the appellant's post-trial materials had to be examined before the issue was determined to have been waived. In our view, this is not strictly a rejection of appellant's assignment of error for failure to raise it in a timely manner. We believe a more definitive rule should be operative and accordingly call appellate counsel's attention to the following language in Judge Cox's opinion in *United States v. Palmiter:*

> If, after the initial hearing and determination by the military magistrate, a confinee believes that he is being punished by conditions in the confinement facility, he should apply for relief from these conditions to the magistrate who initially approved his pretrial confinement. Should he be denied relief by that magistrate, the confinee should appeal to the convening authority or to the military judge depending on the state of the proceedings at the time. It is possible that resort to the extraordinary-writ jurisdiction of the appellate courts would be appropriate in extreme cases. Just as with the decision to continue pretrial confinement, review of the conditions of such confinement should be an ongoing process to limit the duration of any violation which might arise following the initial incarceration. The failure to raise this issue while undergoing pretrial confinement will be strong evidence that the confinee was not illegally punished prior to trial.

*United States v. Palmiter*, 20 M.J. at 97 (footnote omitted). *Cf. United States v. Lockwood*, 15 M.J. 1, 7 (C.M.A.1983) ("appellant's express refusal to contest service connection justifies drawing any reasonable inferences against him with respect to factual matters not fully developed in the record of trial").

We believe that appellant's failure to raise the issue of an Article 13 violation at the trial level amounts to a clear waiver on appeal. In the first place, there is evidence that appellant was aware of the question and could have raised it at trial but consciously chose not to do so. Instead, he limited his objection to his treatment before trial to the matter of speedy trial rather than pretrial punishment. Secondly, the fact that he did not complain about the conditions of his pretrial confinement to anyone in authority, e.g., the magistrate, trial judge, or convening authority, is, in Judge Cox's words, "strong evidence that [he] was not illegally punished prior to trial." Finally, the manner in which his complaint has been presented to us, an unsworn, unsubstantiated letter filed six months after trial, is simply too weak to warrant consideration. Even under the liberal holding of *United States v. Johnson, supra,* self-serving statements from an appellant complaining about the conditions of pretrial incarceration must be "cogent, credible, and sufficient to shift the burden of disproving its content to the Government 'beyond the point of equipoise or inconclusiveness.' " *United States v. Peacock,* 19 M.J. at 911 (quoting *United States v. Cordova,* 42 C.M.R. 466, 468 (A.C.M.R.1970)). *See also United States v. Henry,* 22 M.J. 879 (A.C.M.R.1986).

The findings of guilty of Specification 2 of Charge III are set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, and applying the criteria of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for eighteen months, and forfeiture of all pay and allowances.

Senior Judge DeFORD and Judge KENNETT concur.