UNITED STATES, Appellee,

v.

Staff Sergeant James M. HUFFMAN,
247–68–6338, United States Army,
Appellant.

ACMR 9101876.

U.S. Army Court of Military Review.

18 Dec. 1992.

For Appellant: Major James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain David G. Tobin, JAGC (on brief), Captain Gregory T. Baldwin, JAGC.

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of one specification of conspiracy to obstruct justice, one specification of willful disobedience of a commissioned officer, three specifications of signing false official documents, three specifications of wrongful appropriation, one specification of adultery, one specification of assault consummated by a battery, two specifications of assault, and two specifications of communicating a threat, in violation of Articles 81, 90, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890, 907, 921, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for thirteen months, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that he suffered illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813. We disagree and affirm.

As a result of his offenses, appellant was placed in pretrial confinement. Pursuant to an inter-service support agreement, he was confined at the Parris Island Marine Depot Brig. Appellant spent the first night in what he describes as a "six by nine cell." The next morning he told the master gunnery sergeant that "I was very nervous and that I would possibly like to get out of this as soon as I could to wherever the rest of the people were." He was told that he would have to sign a written waiver and that he would then "go out and work and do anything they told me to as a prisoner."

Appellant signed the waiver. Thereafter, he lived with other pretrial detainees and sentenced prisoners. They shared shower, toilet, and recreation facilities. Pretrial detainees wore battle dress uni-

forms, while adjudged prisoners wore orange jump suits. They marched to the mess hall together but ate on opposite sides of the room. They performed the same details at the same location but were kept apart while performing those details. Some details were performed when black flags were flying, a signal that training should stop because of the high temperature. At those times, inmates were given frequent breaks in the shade. At times, Marine guards would require Army detainees to repeat tasks stating that they were not in accordance with Marine standards. Appellant alleges that junior enlisted Marine guards took particular pleasure in giving orders to appellant, a decorated Viet Nam combat veteran staff sergeant with over eighteen years of active duty.

The evidence before this Court does not show that appellant complained of illegal punishment when appellant's pretrial confinement was reviewed by a military magistrate. At trial, appellant moved for pretrial confinement credit for 111 days.[1] He asserts illegal pretrial punishment for the first time on appeal.

The holdings of the Court of Military Appeals concerning whether the issue of pretrial punishment can be waived are confusing. In *United States v. Palmiter*, 20 M.J. 90, 96 (C.M.A.1985), an opinion in which only two judges participated, Judge Cox noted that a prisoner cannot waive his Article 13 protection prior to trial. Judge Cox concluded that the failure to contest the conditions of pretrial detention before a magistrate while the accused is subject to those conditions would be considered strong evidence that an accused was not illegally punished. Concurring in the result, Chief Judge Everett stated that he could see no reason to conclude that an accused could not waive the Article 13 protection prohibiting commingling of detainees and sentenced prisoners. *Id.* 20 M.J. at 100. In *United States v. Cruz*, 25 M.J.

326, 329 (C.M.A.1987), Judge Sullivan, writing for the Court, noted:

> The Court of Military Review held that appellant waived this issue by failing to raise it at his court-martial. [*United States v. Cruz*] 20 M.J. [873] at 892–93 [(A.C.M.R.1985)]. *Compare United States v. Palmiter*, 20 M.J. 90, 96 (Cox, J., lead opinion) *with* 100 (Everett, C.J. concurring in result). We note however, that the post-trial materials which first raised this issue also suggest that there may have been a subrosa agreement between the staff judge advocate and defense counsel to prevent its litigation. *Cf. United States v. Jones*, 23 M.J. 305 (C.M.A.1987). Moreover, a [*United States v.*] *DuBay* [17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967)] hearing was not ordered in this case by military authorities to resolve these post-trial questions. *See United States v. Levite* [25 M.J. 334 (C.M.A.1987)], *supra.* Finally, the failure to raise the issue of pretrial punishment at the court-martial, absent some properly disclosed sentence consideration, comes perilously close to inadequate representation by counsel. *See generally United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Accordingly, a finding of a valid waiver in these circumstances is unwarranted. (footnote omitted).

This language seems to imply that waiver can apply. A panel of this Court embraced the waiver theory in *United States v. Walker*, 27 M.J. 878, 880 (A.C.M.R.1989). Whether waiver could properly be applied to pretrial punishment in violation of Article 13 was further clouded by the Court of Military Appeals when Judge Cox, writing for the Court, stated,

> We join with the Court of Military Review in *United States v. Walker*, 27 M.J. 878 (A.C.M.R.1989), reminding counsel of the obligation to seek relief from the conditions of detention while the accused is actually subject to those conditions. *See United States v. Palmiter*, 20 M.J.

---

1. In his brief, appellant asserts that at trial he made a motion for appropriate relief for illegal pretrial confinement. We find that statement inaccurate. He was placed in pretrial confinement on 9 May 1991 and was sentenced on 28 August 1991, a period of 111 days. We are convinced that he did not raise illegal pretrial confinement at trial but asked for and was given day-for-day credit under *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).

90, 96–97 (C.M.A.1985). *While failure to present the question to a military magistrate does not amount to waiver of the issue,* it strengthens the Government's argument that it has not violated Article 13.

*United States v. James,* 28 M.J. 214, 216 n. 4 (C.M.A.1989) (emphasis added). Nevertheless, this Court has continued to apply waiver where violations of Article 13 have been raised for the first time on appeal. *See United States v. Fogarty,* 35 M.J. 885 (A.C.M.R.1992); *see also United States v. Newberry,* 35 M.J. 777, 781 (A.C.M.R.1992). We believe the Court of Military Appeals should issue a definitive decision on this issue. Until such a decision is issued, we will continue to apply waiver.

▆▆▆▆ In the case before us, we find that appellant failed to raise the issue of illegal pretrial punishment before the magistrate or the military judge. We hold the issue was waived. Assuming, *arguendo,* that the issue was not waived, appellant's failure to raise it before the magistrate who reviewed his pretrial confinement is the deciding factor causing us to conclude, after considering all the other conditions of his confinement, that Article 13 was not violated. *See United States v. Palmiter,* 20 M.J. 90 (C.M.A.1989).

The assertion of error personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.