UNITED STATES, Appellee,

v.

Specialist James E. WATTS, 439–25–7436, United States Army, Appellant.

ACMR 9101816.

U.S. Army Court of Military Review.

7 Jan. 1993.

For Appellant: Captain Robin N. Swope, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain David G. Tobin, JAG (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

Consistent with his pleas, the appellant was convicted by a military judge sitting as a special court-martial of being absent without leave (two specifications), missing movement through neglect, and being disrespectful to a superior commissioned officer in violation of Articles 86, 87, and 89 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 889 (1982) [hereinafter UCMJ]. He was sentenced to confinement for four months, reduction to Private E1, and a bad-conduct discharge. The convening authority approved the sentence.

The appellant deployed with his unit to Southwest Asia on 23 August 1990 as part of Operation Desert Shield/Desert Storm. He returned to the United States on emergency leave prior to the commencement of hostilities with Iraq. At the completion of his leave he engaged in the charged misconduct to avoid returning to his unit. On 21 May 1991, the appellant turned himself in at Fitzsimons Army Medical Center, Aurora, Colorado, and was temporarily attached to Fort Ord, California, before returning to Fort Stewart, Georgia. At Fort Stewart his commander ordered him into pretrial confinement. Following the magistrate's review, he was held at the Parris Island, South Carolina, Marine Depot Brig pursuant to an interservice support agreement between Fort Stewart and Parris Island.

■ The appellant asserts two errors: that his pretrial confinement at Parris Island was unlawful pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813, and that his sentence was unduly severe. We find no merit to either assertion.

Regarding the alleged pretrial punishment, this case has almost precisely the same issue-related facts as the recently decided *United States v. Huffman*, 36 M.J. 636 (A.C.M.R.1992) and *United States v. Fogarty*, 35 M.J. 885 (A.C.M.R.1992).

In *Fogarty*, this Court held that under normal circumstances the issue of unlawful pretrial punishment must be raised at or before trial or it is waived. This Court further did a detailed examination of the operation of the Parris Island Depot Brig and found that its management of pretrial detainees was not punishment. Similarly in *Huffman*, this Court held that failure to raise the issue of illegal pretrial punishment before the magistrate or the military judge constituted a waiver that appellant could not withdraw at this Court.[1]

The appellant argues that the decisions in *Fogarty* and *Huffman* are contrary to the holding of the Court of Military Appeals in *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985). The appellant contends that the decision in *Palmiter* establishes a blanket prohibition against waiving rights established under Article 13, UCMJ. In *Palmiter*, Judge Cox, writing the lead opinion for the court, noted "in passing" that a prisoner cannot waive the protection of Article 13, UCMJ.[2]

■ We agree that a detainee cannot waive mistreatment by the government in violation of Article 13, UCMJ, during a period of pretrial confinement by volunteering or in any other way consenting at the time to the abuse. In *Palmiter*, the detain-

---

1. Both opinions rely on this Court's decision in *United States v. Walker*, 27 M.J. 878 at 880 (ACMR 1989) *aff'd*, 28 M.J. 430 (C.M.A.1989). The *Walker* decision held that the conditions of the pretrial confinement in that case did not violate the standards of Article 13, UCMJ, and then went on to discuss waiver. In *Walker*, the waiver issue relates only to the timing of the raising of the issue. Walker's pretrial confine-

ment was in a county jail and there is no suggestion he volunteered to be commingled with the sentenced prisoners.

2. He later reaffirmed this position in a footnote to *United States v. James*, 28 M.J. 214 at 216 n. 4 (C.M.A.1989).

ee had executed a "Work Program Request" where he "volunteered" to be fully integrated into the general prison population. However, it is important to note that prior to entering pleas he raised his objection to the conditions of his pretrial confinement to the military judge.

We see a distinction between the potentially coercive waiver situation found in *Palmiter* and the failure of appellant and counsel to raise an issue before either the magistrate or the military judge. If the conditions of pretrial confinement were not so onerous that they could wait for the appeal to this court before being raised, then they are properly waived. *See* the discussion of post-trial waiver in general in *United States v. Walker*, 27 M.J. 878 at 881 (A.C.M.R.1989), *aff'd*, 28 M.J. 430 (C.M.A.1989).

We hold that under the facts of this case the appellant waived the issue of unlawful pretrial punishment by failing to raise the issue at or before trial.

The appellant asserts, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his approved sentence is too severe. We find the assertion to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.