**UNITED STATES, Appellee,**

v.

**First Lieutenant Benjamin F. ROLLINS, Jr., 578–70–3247, United States Army, Appellant.**

**ACMR 9201334.**

U.S. Army Court of Military Review.

29 Jan. 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of absence without leave, wrongful use of cocaine, and dishonorable failure to maintain sufficient funds, in violation of Articles 86, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a and 934 (1982). He was sentenced to a dismissal, confinement for 74 days, and total forfeitures. The convening authority approved the sentence.

■ Only two of the several errors asserted by appellant require discussion. Appellant asserts that the convening authority erred by approving total forfeitures for a period he was not in confinement. He also asserts that he was illegally confined because he did not receive a magistrate's review within 48 hours of his confinement. We agree with the first assertion and will amend the sentence. We hold that the second was waived.

When sentencing appellant, the military judge announced that he was sentencing appellant "to forfeit all pay and allowances, to be confined for 74 days; that is time served, and to be dismissed from the service." Thus, after trial and after the convening authority took his initial action, appellant had no confinement to serve because he was credited with 74 days of pretrial confinement. *See United States v. Allen,* 17 M.J. 126 (C.M.A.1984).

In *United States v. Warner,* 25 M.J. 64, 67 (C.M.A.1987), the Court of Military Appeals announced, "The legislature has indicated that a servicemember in active duty status should receive at least a third of his pay; and the collection of total forfeitures from one serving actively may even raise constitutional issues."[1] Applying *Warner*

---

1. We believe there is merit to Judge Cox's dissent in *Warner,* 25 M.J. at 67. The decision in *Warner* was a departure from long established precedent of the United States Court of Military Appeals. A discussion of this issue is set forth in *United States v. Spenny,* 22 M.J. 844

to this case, even though confinement was adjudged and approved, the crediting of appellant with time served in pretrial confinement left no remaining confinement to be served after trial. The appellant was "serving actively" and "should receive at least a third of his pay." We will amend the sentence.

 Appellant also asserts that his confinement was illegal because the magistrate did not review his pretrial confinement within 48 hours of its imposition. *See County of Riverside v. McLaughlin,* —— U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *United States v. Rexroat,* 36 M.J. 708 (A.C.M.R. 1992). We find that this issue was not raised at or before trial. We hold that the issue was waived. *See United States v. Mathieu,* 29 M.J. 823, 824 (A.C.M.R.1989) (and cases cited therein); *cf. United States v. Watts,* 36 M.J. 748 (A.C.M.R.1993); *United States v. Huffman,* 36 M.J. 636 (A.C.M.R.1992); *United States v. Fogarty,* 35 M.J. 885 (A.C.M.R.1992); *United States v. Walker,* 27 M.J. 878, 880 (A.C.M.R.1989); *United States v. Guerrero,* 25 M.J. 829 (A.C.M.R.1988).

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty are affirmed. That portion of the sentence which provides for total forfeitures is amended to read "to forfeit $1535.00 pay per month until the dismissal is executed." *See Warner,* 25 M.J. at 67. As amended, the sentence is affirmed.

Judge BAKER and Judge WALCZAK concur.

(A.C.M.R.1986), *modified,* 25 M.J. 237 (C.M.A. 1987) (summary disposition). Perhaps the pres-

ent Court of Military Appeals should reconsider this issue.