### UNITED STATES

v.

### Staff Sergeant Howard A. FOLK, FR384–72–5878, United States Air Force.

### ACM 30088.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 May 1992.

Decided 8 June 1993.

---

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Major Mary C. Yastishock, and Captain Gilbert J. Andia, Jr.

Appellate Counsel for the United States: Lieutenant Colonel Jeffery T. Infelise and Captain Thomas E. Wand.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

## OPINION OF THE COURT

JAMES, Judge:

Staff Sergeant Folk was a security policeman who patrolled a flight-line to protect F–111 aircraft at RAF Upper Heyford in England. He pleaded guilty to conspiring to steal and stealing survival kits stowed in those aircraft, unlawfully entering an aircraft shelter, housebreaking another, and receiving and concealing parts of the stolen survival kits.[1] He was convicted accordingly.[2] On appeal, Sergeant Folk assigns as error that he suffered illegal pretrial punishment. We find no merit to his complaint, and we affirm the findings and the sentence.

Sergeant Folk did not move at trial for appropriate relief for illegal pretrial punishment, but his unsworn statement caused the military judge to inquire into that area. Sergeant Folk stated that he felt he had been punished by his squadron. His statement included complaints about the number and quality of details he was required to perform. These statements prompted the military judge to ask Sergeant Folk's defense counsel if she had considered whether Sergeant Folk's complaints amounted to pretrial punishment. She responded that she had not.

The military judge recessed the court-martial and gave the defense an opportunity to discuss the issue. After the court-martial was reconvened, the defense counsel stated that the squadron's treatment of Sergeant Folk was somewhat demeaning and harsh but did not rise to the level of pretrial punishment under Article 13, UCMJ, 10 U.S.C. § 813 (1988). The defense counsel later referred to Sergeant Folk's complaints as a ground for leniency during her sentencing argument.

Sergeant Folk renewed his complaints in his post-trial submissions to the convening authority under Article 60(b), UCMJ, 10 U.S.C. § 860(b) (1988), and R.C.M. 1105. The staff judge advocate did not comment on the accuracy of Sergeant Folk's complaints.[3] Sergeant Folk elaborated on his complaints of pretrial punishment in an affidavit he submitted to this Court in support of his asserted error.

1. Violations of Articles 80 (conspiracy), 121 (larceny), 130 (housebreaking), and 134 (receiving and concealing stolen property), UCMJ, 10 U.S.C. §§ 880, 921, 930, and 934 (1988).

2. The military judge sentenced him to be discharged from the service with a bad-conduct discharge, to be confined for 15 months, and to be reduced to E–1. The convening authority approved the sentence as adjudged.

3. Sergeant Folk had also stated his complaints in his request for administrative discharge in lieu of trial by courts-martial. A legal review of the request for administrative discharge stated that Sergeant Folk might have perceived that he was treated unfairly but that his commander and supervisor did not intend to do so.

▮ Pretrial punishment is forbidden by Article 13, UCMJ, 10 U.S.C. § 813 (1988), "Punishment prohibited before trial." *See also Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979); *United States v. James*, 28 M.J. 214 (C.M.A.1989); *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985). It is a very serious matter.

▮ As serious as it is, the complaint may be waived if the defense fails to assert it at trial. *United States v. Henry*, 41 C.M.R. 946, 948–49 (A.F.C.M.R.1969), *pet. denied*, 41 C.M.R. 403 (C.M.A.1970).[4] Waiver rules have special value to us: They encourage counsel to air such grievances at trial, where a record of facts found can best be developed and where a military judge may have the opportunity that the trial judiciary deserves to fashion a remedy. This case is an example of the problem of making a record for an appeal.

The military judge in this case specifically asked the defense whether it had a complaint about illegal pretrial punishment, and the defense responded that it did not. On appeal, however, Sergeant Folk raised the issue himself, and counsel brought it to our attention as required by *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Having no record on which to rely, Sergeant Folk moved to file affidavits, and we permitted him to do so. The defense also asked that we take notice of the pleadings and affidavits filed in a companion case, but we denied that motion.[5] The government sought to reply with a copy of a reply by the Air Force to an inquiry by Sergeant Folk's congressman. We denied that motion because the document was unsworn. Making a record on such complaints at trial abates the need for such appellate floundering, and it has the advantage of getting the facts from those who know, subject to oath and cross-examination, while their memories are fresh and at the place where any needed documents are likely to be found. It also secures immediate relief where that is appropriate, a remedy which we would expect in meritorious cases would be preferred greatly to something later. In case of an acquittal, there is no prospect for later relief, and in the case of a conviction, one may have only a vague hope for appellate relief much later, perhaps after all the adjudged confinement is served. This issue should have been raised at trial, and it is waived if it is not.

---

4. Our sister service courts of military review also take this approach to Article 13 assignments. *United States v. Watts*, 36 M.J. 748 (A.C.M.R.1993); *United States v. Huffman*, 36 M.J. 636 (A.C.M.R.1992); *United States v. Fogarty*, 35 M.J. 885, 888–89 (A.C.M.R.1992); *United States v. Foster*, 35 M.J. 700 (N.M.C.M.R.1992); *United States v. Walker*, 27 M.J. 878, 880–82 (A.C.M.R.), *aff'd*, 28 M.J. 430 (C.M.A.1989). The Court of Military Appeals does not seem to have confronted the issue directly. *Cf. United States v. Cruz*, 25 M.J. 326, 329–30 (C.M.A.1987) (finding of valid waiver was unwarranted because of suggestion that sub rosa agreement prevented litigation); *Palmiter*, 20 M.J. at 96 and 100 (Judge Cox stated, "[A] prisoner cannot 'waive' his Article 13 protections *prior to* trial[,]" and then Chief Judge Everett stated, "I see no reason to conclude that an accused cannot waive [Article 13] protection.") (emphasis added); *cf. United States v. Johnson*, 41 C.M.R. 49, 50 (C.M.A. 1969) (a "violation of Article 13 … can … assume such serious proportions as to justify post-trial consideration"). We have taken the same approach to procedural violations relating to imposition and review of pretrial detention. *See United States v. Gambini*, 10 M.J. 618, 619 (A.F.C.M.R.1980), *rev'd on other grounds*, 13 M.J. 423 (C.M.A.1982); *United States v. Rick*, 9 M.J. 776, 777 (A.F.C.M.R.1980); *United States v. Blacquiere*, 9 M.J. 712, 713 (A.F.C.M.R.), *pet. denied*, 9 M.J. 177 (C.M.A.1980).

5. There is some precedent for such a motion. *See United States v. MacDonald*, 14 M.J. 615 (A.F.C.M.R.1982), *pet. denied*, 15 M.J. 95 (C.M.A. 1983); *United States v. Durr*, 47 C.M.R. 622, 627 (A.F.C.M.R.), *rev'd on other grounds*, 48 C.M.R. 47 (C.M.A.1973); *United States v. Bell*, 46 C.M.R. 726 (A.F.C.M.R.1972); *United States v. Whitaker*, 21 M.J. 597, 599 n. 5 (A.C.M.R.1985); *United States v. Surry*, 6 M.J. 800, 802 n. 4 (A.C.M.R. 1978), *pet. denied*, 7 M.J. 62 (1979); *see also United States v. Michael*, 33 M.J. 900, 902 n. 3 (A.F.C.M.R.1991).

However, judicial notice should be reserved for adjudicative facts and law. *See* Mil.R.Evid. 201, 201A. Briefs of the parties and counsel's arguments are neither facts nor law. Furthermore, supplementing a record on its facts by referring to a record of a different case is impractical. If we permitted that method of supplementing a record, how would a higher court get a complete record to review? Thus, we choose not to take notice of other records in this case.

■ Though we may relieve an appellant of the consequences of a waiver, we will not do so where, as here, the choice is shown to have been deliberate, even if we might have reached a different choice ourselves.[6] *See Henry,* 41 C.M.R. at 948–49. We hold that any complaint about pretrial punishment was waived by Sergeant Folk's failure to move at trial for appropriate relief.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, they are

AFFIRMED.

Senior Judge LEONARD and Judge JOHNSON concur.

---

**6.** Neither the record of trial nor Sergeant Folk's *Grostefon* submissions suggest that a sub rosa agreement prevented the litigation of the pretrial punishment issue. *See Cruz,* 25 M.J. at 329–30; *Foster,* 35 M.J. at 704. Sergeant Folk suggests, through his appellate counsel's brief but not in his affidavit, that the issue was not litigated because of the trial defense counsel's failure to grasp the significance of the issue. The brief implies that the defense counsel's failure to raise the issue at trial amounts to inadequate representation. We found that counsel's performance was reasonable under the circumstances and that Sergeant Folk received a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987); *United States v. Barnard,* 32 M.J. 530 (A.F.C.M.R.1990), *pet. denied,* 33 M.J. 484 (C.M.A.1991).