**UNITED STATES**

v.

**Scot F. RIEMER, 115 48 6115, Boiler Technician Fireman (E–3), U. S. Navy.**

**NMCM 81 3367.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 2 July 1980.

Decided 11 Feb. 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and GORMLEY and MAY, JJ.

PER CURIAM:

We have examined the record of trial as it reaches this Court after a journey of deplorable length. Trial on the merits took place on 2 July 1980 on an uncomplicated charge, to which a plea of guilty was entered, with a consistent finding thereon. The sentence adjudged included confinement at hard labor for 3 months, forfeiture of $299.00 pay per month for 3 months, reduction to pay grade E–1, and a discharge from the Navy with a bad-conduct discharge. The record of trial comprises 69 pages plus exhibits and was authenticated by the military judge on 7 August 1980. The convening authority took his action on 27 September 1980. All of the foregoing was accomplished with reasonable dispatch.

The inordinate and unexplained delay of just short of ten months from the action of the convening authority on 27 September 1980 until the action of the supervisory authority on 14 July 1981 is a cause of the gravest concern to this Court. Such inaction, for whatever reason, is virtually tantamount to a total abnegation of responsibility under the military justice system and will not be condoned. This Court has on previous occasions officially condemned such practices. *See e.g., United States v. Brock,* No. 80 1828 (N.C.M.R. 21 November 1980). Due process demands speedy review; action short of that will lead to further rules demanding greater efforts than would normally be required. *See Dunlap v. Convening Authority,* 23 U.S. C.M.A. 135, 48 C.M.R. 751 (1974).

Under present law, the length of time in effecting review of this case, although inordinate, deplorable, and unexplained, does not require dismissal of the charge. *United*

*States v. Banks,* 7 M.J. 92 (C.M.A.1979); *United States v. Jefferson,* 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973); *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

■ The action of the convening authority, which was approved by the supervisory authority, does not comply with the terms of the pretrial agreement and requires corrective action on the approved sentence. In his action, the convening authority suspended forfeiture of pay in excess of $259.00 pay per month for 2 months. This is ½ of 1 month's pay for pay grade E–3, appellant's pay grade at the time of trial. However, the court awarded a reduction to pay grade E–1 and this reduction was not suspended. Consequently, the convening authority should have suspended forfeitures of pay in excess of $224.00 pay per month for 2 months, since the basic pay of an E–1 at the time of sentencing was $448.80 per month.

■ We dismiss as being without merit the appellant's contention that an unsuspended bad-conduct is inappropriately severe for this shipboard marijuana possession offense.

For the foregoing reasons, the findings as approved on review below are affirmed. Only so much of the sentence as adjudged and approved on review below as provides for confinement at hard labor for 3 months, forfeiture of $224.00 per month for a period of 2 months, reduction to pay grade E–1, and a bad-conduct discharge is affirmed, with confinement at hard labor in excess of 60 days and forfeiture of pay in excess of $224.00 per month for a period of 2 months suspended for a period of 1 year from the date of trial, at which time, unless sooner vacated, the suspended portion of the sentence will be remitted without further action. All property of which the accused has been deprived by virtue of the findings of guilty and that portion of the sentence so set aside will be restored.