**UNITED STATES**

v.

**Senior Airman Robert E. DVONCH, FR363–02–0418, United States Air Force.**

**ACM 31354.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 13 July 1994.

Decided 23 April 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Captain Marge A. Overly.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major Barnard N. Madsen.

Before PEARSON, SCHREIER, and MORGAN, Appellate Military Judges.

PER CURIAM:

Appellant was convicted pursuant to his pleas of some 11 specifications of larceny, uttering $1050 of worthless checks on a closed account, absence without leave (AWOL), forgery of stolen checks, two specifications of attempted larceny, using another's military identification card with intent to defraud, unlawful entry, and theft of hundreds of pieces of mail. He was sentenced by a military judge, sitting alone, to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to airman basic. The convening authority reduced the confinement to three years pursuant to a pretrial agreement, but otherwise approved the sentence as adjudged.

Appellant assigns three errors. First, he contends that he was unlawfully placed in pretrial confinement and that the military judge erred in not crediting him therefor. Second, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), appellant argues that he was subjected to pretrial punishment in violation of Article 13, Uniform Code of Military Justice (UCMJ), (10 U.S.C. § 813). Finally, appellant urges that we return the case to the convening authority for a new action because the convening authority did not consider trial defense counsel's timely submission of a clemency letter and response to the staff judge advocate's recommendation. We agree with this last assertion of error. Ordinarily, we would reserve ruling on the remaining assignments of error, but we will tackle them in this case because the relief sought might well be mooted by further delay, and judicial economy is served thereby. However, we dispose of the other two errors adversely to appellant.

■ We review a military magistrate's ruling on the lawfulness of pretrial confinement for abuse of discretion. *United States v. Gaither*, 41 M.J. 774, 778 (A.F.Ct.Crim.App. 1995). In an extensive, and thoughtful ruling on a similar motion, the trial judge found that the magistrate had not abused his discretion, and we agree. Appellant was apprehended in the act of trying to pass yet another check stolen from a fellow airman at the Osan Air Base Noncommissioned Officers' Club on April 10, 1994. He was not placed in pretrial confinement at that time. However, after appellant expressed suicidal ideation, he was placed on a "suicide watch" by his commander and was escorted by two other members of his unit. Notwithstanding, he "slipped" their watch, and later turned himself in to the base medical facility, announcing he had taken an "overdose" of aspirin and epinephrine. He was kept under observation for six days, at the end of which his

releasing physician recommended pretrial confinement. Still, he was not confined. Instead, he was released on April 18, only to go AWOL on April 25. He was apprehended following an attempted flight from an Air Force Office of Special Investigations (AFOSI) agent, and was discovered "holed-up" in a hiding place in the attic of his dormitory. In that attic, and in a subsequent search of his room, hundreds of pieces of stolen mail from nearly 50 different victims were discovered, along with a number of other items appellant was subsequently convicted of stealing.

Pretrial confinement is governed by Rule for Courts–Martial (R.C.M.) 305(h)(2)(B), which requires that a commander have probable cause to believe that: (i) an offense triable by a court-martial has been committed; (ii) that the prisoner committed it; and that (iii) confinement is necessary because the prisoner will not appear at trial or will engage in serious criminal misconduct, and (iv) less severe forms of restraint are inadequate. Appellant concedes that the first two prongs of the test were met, but contends the second two were not. On the contrary, that Appellant was apprehended while AWOL, that he attributed his rash of larcenies, frauds, and forgeries to his need to fund an out-of-control gambling habit, and that the April 26, 1994, apprehension disclosed an ongoing criminal enterprise of breathtaking sweep, satisfy us that the military magistrate did not abuse his discretion. He was fully justified in concluding that appellant might very well "return to his gambling habit and commit crimes of theft, fraud, and larceny to support [it]." In ruling as we do, we specifically reject appellant's argument that his slipping away from a suicide watch was not indicative of the failure of lesser forms of restraint.

Appellant next contends that he was subjected to unlawful pretrial punishment in violation of Article 13, UCMJ. This is based upon the fact that while outside the confinement facility, under escort, he was subjected to hand and foot restraint, and that, while in pretrial confinement, he was forced to fill sandbags, pull KP duty, and buff floors.

While in pretrial confinement a confinee may be required to perform useful labor inasmuch as he remains an active-duty serviceman receiving pay. *United States v. Palmiter*, 20 M.J. 90, 94 (C.M.A.1985). We find nothing extraordinary in filling sandbags, maintaining the premises, or working in a kitchen. Indeed, there was testimony from the appellant that he had at one time or another performed all of these functions before he was placed in pretrial confinement. Nor do we find the occasional shackling of appellant while he was outside the confinement facility to be unreasonable under the circumstances. Appellant conceded that he had not been singled out for particularized treatment, that there was no evidence that the shackling or handcuffing was intended as punishment or for public humiliation. Given appellant's history, we think that impeding his freedom of movement while off the compound was reasonably in furtherance of a legitimate, nonpunitive governmental objective. *Cf. United States v. Cruz*, 25 M.J. 326, 331 n. 4 (C.M.A.1987); *United States v. Washington*, 42 M.J. 547, 562 (A.F.Ct.Crim. App.1995). We also deem it significant that appellant never complained of the conditions of his pretrial confinement until trial. *Palmiter*, 20 M.J. at 97; *Washington*, 42 M.J. at 562. Accordingly, this assignment of error is without merit.

Last, we turn to the apparent failure of the convening authority to consider two letters submitted by appellant's trial defense counsel, both dated October 2, 1994. For whatever reason, these were not included in the materials forwarded to the convening authority by the staff judge advocate before the convening authority took action, a violation of R.C.M. 1107(b)(3), which appellate government counsel concedes. *See also United States v. Craig*, 28 M.J. 321 (C.M.A. 1989).

The action of the convening authority is set aside. The record of trial, along with trial defense counsel's R.C.M. 1105 and R.C.M. 1106(f) submissions, will be returned to the convening authority for a new action.