ERDMANN, Judge, with whom GIERKE, Chief Judge, joins
(dissenting):
The majority opinion finds that terminating the pay of a servicemember in pretrial confinement, whose term of service has been involuntarily extended by the Government, does not constitute illegal pretrial punishment under Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000). I would hold that the regulation requiring the termination of pay under those circumstances is punitive in effect and its application constitutes illegal pretrial punishment.
Fischer was placed in pretrial confinement on May 4, 2001. His enlistment expired on June 29, 2001. Rather than discharging him from military service at the end of his enlistment and thereby losing jurisdiction over him, the Marine Corps understandably extended his active duty status pending court-martial.[1] Fischer remained in confinement and his pay and allowances were terminated. When Fischer asked for his pay to be reinstated, the Government responded that it was prohibited from paying him under Department of Defense (DoD) regulations.
One of the basic guarantees under the Due Process Clause is that a pretrial detainee cannot be punished until there is a finding of guilt. Bell v. Wolfish, 441 U.S. 520, 533, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Article 13 of the UCMJ, which prohibits pretrial punishment, has its roots in this constitutional guarantee. Servicemembers who are accused of crimes can be placed in pretrial confinement to ensure that they will appear at trial and to prevent further misconduct. Rule for Courts-Martial (R.C.M.) 305(h)(2)(B). When placed in pretrial confinement, Article 13 protects them from conditions that constitute punishment, penalty or excess. In this case we are called on to determine whether terminating the pay and allowances of a servicemember, who is in pretrial confinement and whose enlistment has been involuntarily extended, constitutes punishment under Article 13.
The DoD regulation in question, the Department of Defense Financial Management Regulation (DoD FMR), vol. 7A, ch. 1, 010302.G.4 (May 2005),[2] provides:
4. Confined Awaiting Trial by Court-Martial. If a member is confined awaiting court-martial trial when the enlistment expires, pay and allowances end on the date the enlistment expires. If the member is acquitted when tried, pay and allowances accrue until discharge.
The majority focuses on the fiscal implications of the regulation and relies, in part, on opinions of the Comptroller General and Court of Claims. While these opinions are interesting both from a fiscal and a historical perspective, they do not provide any binding authority for this court as they do not interpret Article 13 or the cases from this court or the U.S. Supreme Court dealing with illegal pretrial punishment. Nor do those opinions consider the “status” based nature of court-martial jurisdiction under the UCMJ. It is the primary duty of this court to provide such interpretations.
I have no quarrel with the majority's finding that a servicemember’s entitlement to *423 pay is terminated when his or her enlistment expires. That, however, is simply not the situation in this case. One of the mandatory factors underlying court-martial jurisdiction is that the person to be tried must be subject to the UCMJ. In other words, the person must be in a “status” in which he or she is a “person[ ] ... subject to” the UCMJ. See Article 2(a), UCMJ, 10 U.S.C. § 802(a) (2000). Article 3(a), UCMJ, 10 U.S.C. § 803(a) (2000), makes it clear that personal jurisdiction is “status based” under the UCMJ: “... a person who is in a status in which the person is subject to this chapter ____” Emphasis added. Holding Fischer beyond his term of service continued his status as a “servicemember on active duty” through disposition of the charges against him. R.C.M. 202(c)(1).
As I read the majority opinion, once a servieemember’s term of enlistment is involuntarily extended, the obligation to provide pay and allowances is extended as well except in the event that the servicemember is in pretrial confinement. The result of this view is that the Government can, solely for its own purposes, imprison a presumptively innocent individual, unilaterally continue military status with all its obligations and duties and at the same time take away one of the basic rights associated with active duty military status — the right to pay.[3] I cannot join the majority’s view that these circumstances do not constitute a violation of Article 13.
As the majority notes, this court has not previously applied the criteria of Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), in order to determine whether conditions of pretrial confinement violate Article 13. Were I to apply those factors, I would disagree with the conclusion reached by the majority that the regulation at issue is not punitive in effect. However, I do not believe that such an analysis is necessary. In my view, this court’s Article 13 jurisprudence provides a proper framework for determining whether Fischer was subject to unlawful pretrial punishment.
Article 13 prohibits two types of activity: (1) the intentional imposition of punishment on an accused prior to trial; and (2) pretrial confinement conditions that are more rigorous than necessary to ensure the accused’s presence at trial. United States v. Inong, 58 M.J. 460, 463 (C.A.A.F.2003); United States v. McCarthy, 47 M.J. 162, 165 (C.A.A.F.1997). The first prong prohibits a purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether such purposes are “reasonably related to a legitimate governmental objective ....” Bell, 441 U.S. at 539, 99 S.Ct. 1861; McCarthy, 47 M.J. at 165. The second prevents unduly rigorous circumstances during pretrial detention. Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment. Id.; United States v. James, 28 M.J. 214, 216 (C.M.A.1989). A determination of whether Fischer is entitled to relief for unlawful pretrial punishment involves independent, de novo review. United States v. Smith, 53 M.J. 168, 170 (C.A.A.F.2000); McCarthy, 47 M.J. at 165; see Thompson v. Keohane, 516 U.S. 99, 113, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995).
Fischer’s active duty military status was extended in virtually every respect save one — he was no longer paid. The sole reason that his pay was stopped, as opposed to other servicemembers extended on active duty, was that he was in pretrial confinement. Fischer was in pretrial confinement because both his Commanding Officer and the Initial Review Officer found that he constituted a flight risk and a threat to commit serious misconduct. I find no reasonable relation to a legitimate government objective served by terminating an active duty servicemember’s pay and allowances because he or she is in pretrial confinement. Since Fischer’s pay would not have been terminated except for the pretrial *424 confinement, its effect on Fischer is obviously punitive.
The regulation’s objective, as characterized by the majority, is that servicemembers held in pretrial confinement are not considered to be performing “active duty work” and therefore should not be entitled to pay. This logic breaks down, however, because a servicemember who is later acquitted has performed the same duties while in pretrial confinement and receives compensation. Servicemembers in pretrial confinement are not automatically excused from performing useful duties. Military appellate case law is replete with cases discussing various duties performed by pretrial confinees. See, e.g., United States v. Nelson, 18 C.M.A. 177, 178-79, 39 C.M.R. 177, 178-79 (1969); United States v. Palmiter, 20 M.J. 90, 94 (C.M.A.1985); United States v. Dvonch, 44 M.J. 531, 533 (A.F.Ct.Crim.App.1996). Similarly, an active duty servicemember in pretrial confinement who has not been involuntarily extended performs those same duties and receives his or her pay and allowances.
Forfeiting pay traditionally has been regarded as a form of punishment in the military services. See generally United States v. Stebbins, 61 M.J. 366, 370-73 (C.A.A.F.2005). This regulation imposes a forfeiture upon a servicemember in the absence of any due process or adjudication of guilt. The effect of this action as punishment is illustrated by how the forfeiture is linked to the results of trial. If a servicemember in Fischer’s situation is acquitted, he or she is paid retroactively.[4] But if that person is convicted, there is no pay adjustment. While the initial termination of pay was based solely on Fischer’s pretrial confinement status, the ultimate termination of his pay in this situation is based solely on a finding of guilt. This is punishment.
The nexus between the permanent termination of pay and a finding of guilt raises an additional concern which I believe further highlights the unlawful nature of this deprivation. Congress has delegated to the President the authority to establish maximum punishments. Article 56, UCMJ, 10 U.S.C. § 856 (2000). Under the Rules for Courts-Martial, the President has directed that the only authorized punishment involving a loss of pay is a forfeiture of pay to be accrued. See R.C.M. 1003(b)(2) and discussion. Additionally, execution of any punishment to forfeit pay is effective and executed only after trial. See Article 57, UCMJ, 10 U.S.C. § 857 (2000). Tying the deprivation of Fischer’s pay to his conviction creates a punishment beyond that authorized by the UCMJ and the Manual for Courts-Martial, United States (2002 ed.).
There is no legitimate governmental objective in DoD FMR 010302.G.4 that outweighs its clear punitive effect, and the regulation therefore constitutes illegal pretrial punishment in violation of Article 13. I would hold that the regulation is unenforceable and Fischer is entitled to his full pay and allowances for the period in question. I therefore dissent.

. Rule for Courts-Martial 202(c)(1) provides that a servicemember whose enlistment has expired may be "held on active duty.” Marine Corps Manual for Legal Administration § 1005 (31 Aug 99), details this involuntary extension of active duty and requires that proper administrative action be taken to effectuate the extension. While the record in this case contains references to the fact that Fischer’s active duty was extended, it contains no references to the administrative action effectuating the extension.

. The May 2005 version of subpara. 010302.G.4 is identical to provisions that were in effect during Fischer’s pretrial confinement. See Department of Defense Financial Management Regulation, vol. 7A, ch. 3, 030207.D (Feb.2000).

. 37 U.S.C. § 204(a)(1) (2000) provides that members of a uniformed service on active duty are entitled to pay.

. The majority’s conclusion that this payment is akin to compensation for the accused when the charge has not been sustained at trial creates a dangerous precedent. An acquittal in a criminal action does not mean that the Government was wrong in bringing the charges, nor should an acquittal entitle an accused to compensation. It merely means that the court-martial did not find the accused guilty beyond a reasonable doubt.