STUCKY, Judge, with whom RYAN, Judge,
joins (dissenting):
At trial, the military judge granted Appellant day-for-day credit for each of the 157 days she spent in pretrial confinement, as required by United States v. Allen, 17 M.J. 126 (C.M.A.1984). Appellant moved the court to grant additional pretrial confinement credit because, contrary to Air Force Instr. 31-205, The Air Force Corrections System (Apr. 7, 2004) [hereinafter AFI 31-205], while confined in a civilian facility, she was housed with post-conviction inmates and was not permitted to wear her military battle dress uniform (BDU). The military judge found these two conditions of her pretrial confinement violated AFI 31-205, but he refused to grant her additional credit against her sentence. In an en banc decision, the United States Air Force Court of Criminal Appeals found no abuse of discretion and affirmed. United States v. Adcock, 63 M.J. 514 (A.F.Ct.Crim.App.2006).
The majority holds that the military judge abused his discretion and grants Appellant an additional 157 days of credit against her sentence to confinement. I dissent. The military judge did not abuse his discretion, and Appellant is not entitled to 157 days of additional credit.
I.
“No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence____” Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000).
Article 13, UCMJ, prohibits two things: (1) the imposition of punishment prior to trial, and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused’s presence for trial. The first prohibition of Article 13 involves a purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether such purposes are “reasonably related to a legitimate governmental objective.” Bell [v. Wolfish], 441 U.S. [520,] 539, 99 S.Ct. 1861, 60 L.Ed.2d 447 [(1979)]; [United States v.] McCarthy, 47 M.J. [162,] 165, 167 [(C.A.A.F.1997)].
The second prohibition of Article 13 prevents imposing unduly rigorous circumstances during pretrial detention. Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment. McCarthy, 47 M.J. at 165; United States v. James, 28 M.J. 214, 216 (C.M.A.1989) (conditions that are “arbitrary or purposeless” can be considered to raise an inference of punishment).
United States v. King, 61 M.J. 225, 227-28 (C.A.A.F.2005).
The President implemented Article 13, UCMJ, in Rule for Courts-Martial (R.C.M.) 304(f), which provides as follows:
Pretrial restraint is not punishment and shall not be used as such. No person who is restrained pending trial may be subjected to punishment or penalty for the offense which is the basis for that restraint. Prisoners being held for trial shall not be required to undergo punitive duty hours or training, perform punitive labor, or wear special uniforms prescribed only for post-trial prisoners. This rule does not prohibit minor punishment during pretrial confinement for infractions of the rules of the place of confinement. Prisoners shall be *27 afforded facilities and treatment under regulations of the Secretary concerned.
In R.C.M. 305(f), (h), (i), and (j), the President established a set of procedural rules for the imposition and review of pretrial confinement. See Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-17 to A21-21 (2005 ed.). To ensure the procedural rules are followed, the President ordered that an accused be granted day-for-day credit for noncompliance. R.C.M. 305(k).
Additionally, “[t]he military judge may order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances.” Id. (emphasis added). The military judge has discretion as to whether to order additional credit and, if so, the appropriate amount in either of these two situations. See id.
The phrase “abuse of discretion” as used in R.C.M. 305(k) must be read in conjunction with R.C.M. 305(j), which is the only other place this phrase appears in R.C.M. 305. R.C.M. 305(j) requires that, upon motion of the accused, the military judge must review for an abuse of discretion the seven-day reviewing officer’s decision, made pursuant to R.C.M. 305(i)(2), to continue the pretrial confinement of an accused. It is transparent that the phrase “abuse of discretion” refers to the military judge’s review of the seven-day reviewing officer’s consideration of all prior decisions by military authorities to place and retain a servicemember in pretrial confinement. See R.C.M. 305(h)(2); R.C.M. 305(i)(l). R.C.M. 305(k) thus empowers, but does not require, the military judge to award additional confinement credit for an abuse of discretion in a decision to continue an accused’s confinement.
The phrase “abuse of discretion” in R.C.M. 305(k) does not refer to the conditions of an accused’s confinement. R.C.M. 305(k) neither empowers the military judge nor is meant to be used by this Court as a tool to examine and second-guess every decision made by confinement officials as to the place or circumstances of an accused’s confinement. Rather, it is the “unusually harsh circumstances” prong of R.C.M. 305(k) that the President used to describe the conditions of pretrial confinement that permit the military judge to award additional confinement under R.C.M. 305(k).
II.
The Secretary of the Air Force fulfilled his responsibilities under R.C.M. 304(f) by issuing AFI 31-205. It provides that Air Force “[ijnmates in military or nonmilitary institutions are subject to that institution’s rules or directives including rules on discipline and treatment” (para. 1.2.2.); the standards of confinement and treatment of inmates in non-Department of Defense (DoD) facilities must meet or exceed what would be provided in DoD facilities (para. 1.2.2.2.2.); all pretrial detainees are to be housed in separate cells, separated by sight, from post-trial inmates (para. 5.8.1.2.); and pretrial detainees are to continue to wear the BDU (para. 7.1.1.). Compliance with AFI 31-205 is mandatory.
III.
The military judge ruled that there was a legitimate nonpunitive governmental objective for subjecting the accused to pretrial confinement and that there was no intent to punish or stigmatize her. The military judge also concluded that the conditions of Appellant’s confinement violated AFI 31-205. This Court granted review of only one issue — the issue Appellant assigned as error:
WHETHER, HAVING FOUND THAT THE TERMS OF APPELLANT’S PRETRIAL CONFINEMENT VIOLATED AIR FORCE INSTRUCTION (AFI) 31-205, AND [sic] THE AIR FORCE CORRECTIONS SYSTEM PARAS. 5.8.1.2 AND 7.1.1 (7 APRIL 2004), THE MILITARY JUDGE ERRED IN NOT DETERMINING THAT THE VIOLATION “INVOLVE[D] AN ABUSE OF DISCRETION” PERMITTING CREDIT UNDER R.C.M. 305(K).
Appellant did not assign as error, and we did not grant review of, any other issue, including whether the conditions of her pretrial confinement violated R.C.M. 304(f), involved noncompliance with the pretrial confinement procedural rules of R.C.M. 305, or were un *28 duly harsh. As noted above, a claim alleging an abuse of discretion for which additional credit is warranted under R.C.M. 305(k) relates only to the decision to place and retain a servicemember in pretrial confinement. Appellant cannot avail herself of the R.C.M. 305(k) credit relating to an abuse of discretion based on her assertion that her conditions of confinement violated AFI 31-205.
IV.
The majority notes with approval previous holdings of this Court that “confinement in violation of service regulations does not create a per se right to sentencing credit under the UCMJ” and “the long-standing principle that not all violations of law result in individually enforceable remedies.” Nevertheless, they assert that the military judge abused his discretion in not awarding Appellant 157 days of additional credit because the confinement officials abused their discretion in confining Appellant in a facility that did not meet the standards of AFI 31-205, even though Appellant never complained about those conditions prior to trial. An abuse of discretion occurs when the military judge’s findings of fact are clearly erroneous, the military judge’s decision is influenced by an erroneous view of the law, or the military judge’s decision is outside the range of choices arising from the applicable facts and law. United States v. Gore, 60 M.J. 178, 187 (C.A.A.F.2004) (citing United States v. Sullivan, 42 M.J. 360, 363 (C.A.A.F.1995); United States v. Wallace, 964 F.2d 1214, 1217 n. 3 (D.C.Cir.1992)).
None of these circumstances exist here. The military judge and the lower court were correct in stating and applying the law. The majority does not suggest that the military judge’s findings of fact were clearly erroneous. Instead, the majority articulates a new legal standard and then finds that the military judge’s decision was influenced by an erroneous view of the law because he did not divine this new rule — if one of the services fails to follow its own regulation on pretrial confinement, it amounts to an abuse of discretion for which the accused is entitled to additional credit, even if there is no intent to punish and the circumstances of the confinement were not unusually harsh.
The error of the majority is threefold. First is the failure to limit the phrase “abuse of discretion” as used in R.C.M. 305(k) to review of decisions by military authorities to place and retain a servicemember in pretrial confinement. The second is going beyond the granted issue in an attempt to address the conditions of Appellant’s confinement as a basis of relief. Third, and finally, is the establishment of a new right to confinement credit when there is a knowing and deliberate violation of service regulations even if there was no Article 13, UCMJ, violation.
V.
The President promulgated R.C.M. 305 to establish uniform procedures for the imposition and review of pretrial confinement. In the past, we have required servieemembers to establish a violation of Article 13, UCMJ, before being entitled to the additional pretrial confinement credit of R.C.M. 305(k) for “unusually harsh circumstances.” See United States v. Crawford, 62 M.J. 411, 414 (C.A.A.F.2006). There is no evidence that, in promulgating R.C.M. 304(f) or R.C.M. 305, the President intended to require or permit military judges to grant confinement credit for violations of service confinement regulations without more. Nor is there any evidence the Secretary of the Air Force intended that violations of AFI 31-205 would result in pretrial confinement credit. Although the instruction is mandatory (as opposed to aspirational), the Secretary has other means of ensuring compliance short of granting an accused pretrial confinement credit.
The majority’s resolution of this case appears to overrule, sub silentio, the requirement in Crawford, 62 M.J. at 414, and King, 61 M.J. at 227, that an accused establish a violation of Article 13, UCMJ, before the military judge is entitled to grant additional confinement credit under R.C.M. 305(k) for conditions of confinement alleged to be “unusually harsh circumstances.” In cases alleging a knowing and deliberate violation of the service’s confinement regulation, the majority also seems to abandon the inference *29 that the failure to complain about the conditions of pretrial confinement “is strong evidence that the accused is not being punished in violation of Article 13.” United States v. Huffman, 40 M.J. 225, 227 (C.M.A.1994) overruled by United States v. Inong, 58 M.J. 460, 463-65 (C.A.A.F.2003) (holding prospectively that failure at trial to seek sentence relief for pretrial punishment or confinement waives the issue on appeal absent plain error). It also suggests that, at least when the terms of an accused’s confinement are a knowing and deliberate violation of the service regulation, the accused does not have to complain.
This decision leads to two consequences of concern to me. First, it involves this Court in areas relating to facilities, conditions of confinement, and administrative decisions with respect to prisoners where there is no Article 13, UCMJ, violation. The President gave authority to the service secretaries to address these matters. See R.C.M. 304(f). Second, it will encourage servicemembers to spend their time in pretrial confinement poring over service regulations, cataloging every possible discrepancy to raise as a reason for additional confinement credit, even if the actual conditions of confinement are not unduly harsh. At trial, military judges will face protracted litigation concerning the minutiae of confinement programs and whether a particular facility or guard violated some provision of a service regulation. Appellate court dockets will be flooded with pleas that military judges abused their discretion in not granting additional credit. Ultimately, this Court may find itself the de facto supervisor of substantive conditions of confinement involving members of the armed forces — a function that we are exceedingly ill suited to perform. Such a result is not mandated by either our laws or regulations. Accordingly, I dissent.