# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### STACY A. WHALEN
### LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201400020
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 26 September 2013.
**Military Judge**: LtCol David M. Jones, USMC.
**Convening Authority**: Commanding General, 2d MAW, II Expeditionary Force, Cherry Point, NC.
**Staff Judge Advocate's Recommendation**: Col J.J. Murphy III, USMC.
**For Appellant**: CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee**: Maj Suzanne M. Dempsey, USMC; Maj David Roberts, USMC.

**21 October 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, consistent with her pleas, of two specifications of conspiracy, one specification of sexual abuse of a child, and one specification each of production and distribution of child pornography in violation of Articles 81,

Corrected Opinion Released on 24 October 2014

120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 920b, and 934. The military judge sentenced the appellant to reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for four years, and a dishonorable discharge. The convening authority (CA) approved the adjudged sentence and, except for the punitive discharge, ordered it executed.

The appellant raises two assignments of error (AOE). Both of the appellant's AOEs essentially argue that the military judge abused his discretion by not awarding enough confinement credit based on the nature and conditions of her pretrial confinement. First, the appellant argues that additional confinement credit is warranted because her right to equal protection was violated when she served pretrial confinement at a civilian jail rather than at a military brig based upon her gender. Second, she argues that the additional confinement credit awarded by the military judge under Article 13, UCMJ and RULE FOR COURTS-MARTIAL 305(k), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) was insufficient in light of the pretrial confinement conditions she suffered. We disagree.

After careful consideration of the record of trial, the parties' pleadings, and the appellant's assignments of error, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant, a female Marine, was placed in pretrial confinement after being charged with offenses stemming from the production and distribution of child pornography. Since the closest military confinement facility ("brig") could not house female detainees, the appellant served 114 days of pretrial confinement at the Craven County, North Carolina, Jail ("Craven County Jail"). The Craven County Jail housed female detainees on behalf of the Marine Corps in accordance with a memorandum of agreement (MOA) between the Commandant of the Marine Corps and the Sheriff for Craven County.[1] In the Navy and Marine Corps, female detainees and prisoners may be held in a civilian facility only if the confinement criteria directed by the Navy

---

[1] On 9 April 2013, the Commandant of the Marine Corps and the Sheriff for Craven County entered into an MOA to provide for pretrial and post-trial confinement support of male and female detainees/prisoners.

2

Corrections Manual (Manual) are met.  Secretary of the Navy Instruction 1640.9C at ¶ 7103.2.c(4) (03 Jan 2006).  However, the MOA did not reference any military regulations governing the treatment of military pretrial detainees, and the appellant's confinement at the Craven County Jail violated several provisions of the Manual.[2]

Prior to entering pleas, the appellant's trial defense counsel filed a motion for pretrial confinement credit due to illegal pretrial punishment under Article 13, UCMJ and R.C.M. 305(k).  Appellate Exhibit II; Record at 144-65.  The defense counsel argued that the appellant's pretrial confinement conditions at the Craven County Jail were "markedly different" than those of male Marines serving pretrial confinement in the brig.  Record at 160.  The defense requested two days' credit for every one day the appellant was confined at the Craven County Jail.

The military judge concluded that, although the Government did not intend to punish the appellant by holding her at the Craven County Jail, she did, however, suffer more onerous pretrial confinement conditions than her male counterparts, "due exclusively to her gender."  AE VII at 3.  Thus, the military judge granted partial relief by ordering that 57 days credit be applied against confinement, in addition to 114 days of day-for-day *Allen* credit.  *Id.*; Record at 167.

The military judge found that the appellant had been "subjected to harsher conditions [in the Craven County Jail] than she would have had to endure in a military facility."  AE VII at 1.  Specifically, he cited that the appellant: 1) had been housed with post-trial confinees; 2) was housed in a facility that did not separate violent and nonviolent offenders; 3) was required to wear the same uniform as post-trial

---

[2] For example, the Manual requires segregation between detainee/pretrial and post-trial personnel if multiple occupancy cells are used.  SECNAVINST 1640.9C at ¶ 12502.3.b; *see also United States v. Adcock*, 65 M.J. 18, 24-25 (C.A.A.F. 2007) (recognizing that commingling of pretrial and post-trial inmates is regularly treated as pretrial punishment).  Applicable prisoner rights under the Manual include freedom from discrimination on the basis of sex, access to counsel, protection (i.e. not being housed with violent offenders), and due process for disciplinary actions.  SECNAVINST 1640.9C at ¶ 5101.3.i.  Further, "[u]nder no condition will any prisoner be prevented from consulting or corresponding with counsel[.]"  *Id.* at ¶ 8301.2.c.  Every confinement facility must have the following "core programs": "PT; recreation; individual counseling; group counseling; work; incentive; life skills; and religious."  *Id.* at ¶ 6103.1.a.

prisoners; 4) incurred extra expense[3] and restrictions for personal phone calls to her family and attorney; 5) was not assigned a brig counselor; 6) was provided food of low quality; 7) was confined in her cell for approximately 17-20.5 hours a day; and, 8) had no access to gym facilities. *Id*. At 1-2.

In contrast, male pretrial detainees confined at the brig: 1) were separated from post-trial prisoners; 2) were confined for approximately ten hours a day and had access to a recreational area for at least one to two hours a day; 3) had less restrictions in place to consult with their attorney; 4) were permitted to place outside calls to family for less expense; 5) were assigned brig counselors and provided progress reports; and 6) were fed higher quality food.

While in pretrial confinement the appellant received weekly command visits, attended all scheduled medical appointments, and met with her defense counsel. The appellant never requested reconsideration of her pretrial confinement, nor provided information of her confinement conditions to the reviewing officer or the military judge[4] until her trial defense counsel raised the pretrial punishment motion at trial.

## Discussion

Since both AOEs essentially argue that the military judge's remedy for the appellant's "onerous" pretrial confinement conditions was inadequate, and are based upon issues already ruled on by the military judge at trial, we analyze them together.[5]

This court defers to the military judge's findings of fact unless those findings are clearly erroneous. *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). We review the military

---

[3] Calls from the Craven County Jail cost between $12 and $13 per call, as opposed to $.40 per minute for Marines confined at a brig.

[4] R.C.M. 305(2)(i)(E) requires that the decision to confine a prisoner be reconsidered when presented with "significant information not previously considered" by the Initial Review Officer. R.C.M. 305(j) requires that once charges are referred, the military judge shall review the propriety of pretrial confinement upon motion for appropriate relief.

[5] Although none of the parties at trial specifically used the term "equal protection violation," it is clear from the record that the appellant's motion sought relief based on constitutional grounds, as well as administrative grounds.

4

judge's application of those facts to the constitutional and statutory considerations *de novo*. *Id.*

Pretrial confinement in a civilian jail is subject to the same scrutiny as confinement in a military detention facility. *United States v. James*, 28 M.J. 214, 215 (C.M.A. 1989). Article 13, UCMJ, prohibits: (1) the imposition of punishment prior to trial and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence at trial. *King*, 61 M.J. at 227. The second prohibition "prevents imposing unduly rigorous circumstances during pretrial detention." *Id.* "Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment." *Id.* at 227-28 (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997); *James*, 28 M.J. at 216).

R.C.M. 305(f) requires prisoners to be "afforded facilities and treatment under regulations of the Secretary concerned." *Id.* "'Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.'" *United States v. McGraner*, 13 M.J. 408, 416 (C.M.A. 1982) (quoting *Morton v. Ruiz,* 415 U.S. 199, 235 (1974)); *see also United States v. Adcock*, 65 M.J. 18, 23 (C.A.A.F. 2007) (holding Government violation of regulations consistent with treatment of pretrial prisoners as innocent amounted to an abuse of discretion under R.C.M. 305(k)).

Confinement in violation of service regulations does not create a *per se* right to sentencing credit under the UCMJ. *United States v. Williams*, 68 M.J. 252, 253 (C.A.A.F. 2010). However, under R.C.M. 305(k), a service member may identify violations of applicable service regulations by pretrial confinement authorities, and on that basis request confinement credit. *Id.* R.C.M. 305(k) allows for credit for pretrial confinement that involves an "abuse of discretion or unusually harsh circumstances."

This court has previously found that a post-trial female prisoner was denied equal protection of the law when, solely by reason of her gender, she was housed in a civilian confinement facility which lacked rehabilitation programs. *United States v. Houston*, 12 M.J. 907, 915 (N.M.C.M.R. 1982) (finding no prejudice however because the appellant successfully completed her probationary period, entitling her to a suspended bad-

5

conduct discharge, despite not having a rehabilitation program). Likewise, the appellant in this case faced disparate conditions as compared to her male counterparts serving pretrial confinement in the brig, and we agree with the military judge that she was subjected to harsher conditions of pretrial confinement because the brig was unable to house female Marines due to limited resources and bed space. Beyond this explanation, the Government could not further articulate a valid governmental reason for this disparity. The "courts have not been impressed with the argument that the unequal treatment is justified due to economic considerations," *Houston*, 12 M.J. at 913, 915, and neither are we under the circumstances.[6]

Those seeking to classify individuals on the basis of their gender carry the burden of showing an "exceedingly persuasive justification" for the classification. *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982) (citing *Kirchberg* v. *Feenstra*, 450 U.S. 455, 461 (1981); *Pers. Adm'r of Mass*. v. *Feeney*, 442 U.S. 256, 273 (1979)). In the prison context, the burden is met by showing that the disparity in prison conditions serves "'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.* (quoting *Wengler* v. *Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)); *see also Houston*, 12 M.J. 915.

After conducting our own *de novo* review of the facts of this case, we concur with the military judge that the appellant's gender subjected her to more onerous pretrial conditions in the Craven County Jail as compared to her male counterparts serving pretrial confinement in the brig. We also concur with the military judge that the confinement conditions were neither the result of pretrial punishment nor the result of any knowing violation of the applicable service regulations.

---

[6] *See Rhodes v. Chapman*, 452 U.S. 337, 359 (1981) (Brennan, J., concurring) (noting that "courts are in the strongest position to insist that unconstitutional conditions [at prisons] be remedied, even at significant financial cost"); *Gates v. Collier*, 501 F.2d 1291, 1319-20 (5th Cir. 1974) (holding fund shortage is not a justification when prison program operates under unconstitutional conditions and practices); *Jackson v. Bishop*, 404 F.2d 571, 580 (8th Cir. 1968) (finding "[h]umane considerations and constitutional requirements [in the prison context] are not, in this day, to be measured or limited by dollar considerations"); *Glover v. Johnson*, 478 F. Supp. 1075, 1078 (E.D. Mich. 1979), *aff'd sub nom. Cornish v. Johnson*, 774 F.2d 1161 (6th Cir. 1985) (holding equal protection violation when female prisoners were denied rehabilitation programs that were offered to male prisoners and finding that economic "considerations alone cannot justify official inaction or legislative unwillingness to operate a prison system in a constitutional manner").

## Adequacy of Remedy

The sufficiency of a military judge's relief is reviewed for an abuse of discretion. *Williams*, 68 M.J. at, 257. Here, we find that the military judge's remedy ordering that 57 days credit be applied against confinement, in addition to 114 days of day to day *Allen* credit was adequate and does not amount to an abuse of discretion under the circumstances of this case.[7] Accordingly, we decline to grant the appellant additional relief.

## Conclusion

Accordingly, the findings and the sentence, as approved by the CA, are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[7] This case does not rise to the level of unlawful punishment faced in *United States v. West*, No. 201200189, 2013 CCA LEXIS 230 at *25-30, unpublished op. (N.M.Ct.Crim.App. 21 Mar 2013), where we affirmed a sentence of "no punishment" because the appellant faced pretrial punishment through her confinement at the County Jail and at a duty hut, and where her command overreached by using her confinement to bargain with and threaten her, or *King*, 61 M.J. at 228, where the appellant was given three days of confinement credit for each day he spent in solitary segregation without explanation.