# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39147**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jamie L. DEVAULT**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary
Decided 6 March 2018

————————————

*Military Judges:* Matthew S. Ward (arraignment); Patricia A. Gruen.

*Approved sentence:* Dishonorable discharge, confinement for 1 year and 6 months, and reduction to E-1. Sentence adjudged 12 May 2016 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Patrick A. Clary, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Amanda L.K. Linares, USAF; Gerald R. Bruce, Esquire; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and BENNETT, *Appellate Military Judges.*

Judge BENNETT delivered the opinion of the court, in which Senior Judge JOHNSON and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

BENNETT, Judge:

A military judge found Appellant guilty, consistent with his pleas, of one specification of attempted sexual assault of a child and one specification of attempted sexual abuse of a child, both in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. A general court-martial composed

of officer members sentenced Appellant to a dishonorable discharge, confinement for one year and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence, except for the adjudged forfeitures, and waived the mandatory forfeitures for the benefit of Appellant's wife.

Appellant asserts one assignment of error: Whether the military judge failed to grant meaningful relief for a violation of Article 13, UCMJ, 10 U.S.C. § 813. We find no relief is warranted and affirm the findings and sentence.

## I. BACKGROUND

Appellant used Craigslist.com to meet and date women. During the course of this online dating, he encountered "Lisa," who he believed was a 13-year-old girl. However, Lisa was in fact Air Force Office of Special Investigations (AFOSI) Special Agent AR who, as part of an undercover law enforcement operation, was pretending to be Lisa in order to catch sexual predators targeting children.

After much online flirting, Appellant texted Lisa a picture of his erect penis. Then, at a time when her parents were supposed to be gone for the evening, the two planned to rendezvous at a home, purported to be Lisa's, on Robins Air Force Base (AFB) so they could have sex. When he tried to enter the home, Appellant was apprehended by AFOSI; condoms were found in his possession.

Appellant subsequently waived his rights under Article 31(b), UCMJ, 10 U.S.C. § 831(b), confessed to the agents who interviewed him, and was ordered into pretrial confinement to prevent him from engaging in further serious criminal misconduct. Appellant's commander, noting that there were many children on Robins AFB, found lesser forms of restraint to be inadequate.

The Pretrial Confinement Review Officer (PCRO) also found that Appellant was likely to engage in further serious criminal misconduct. The PCRO based this finding, in part, on evidence that Appellant attempted to methodically "groom" Lisa to have sex with him as well as Appellant's admission that he could not resist the temptation of having sex with a minor. Appellant's admitted inability to control his urges also factored into the PCRO's determination that lesser forms of restraint were inadequate, as did the fact that Appellant and his wife were geographically separated and the fact that many children lived on base.

Appellant spent 119 days in pretrial confinement at the Houston County Detention Center (HCDC), a civilian prison near Robins AFB. For the first 72 hours of pretrial confinement, Appellant was under constant observation in a padded cell where the lights were kept on 24 hours a day. Appellant was given only a hospital gown to wear and maintains that, during this brief period, he

felt generally uncomfortable. At the conclusion of his initial 72-hour observation period, Appellant was moved to a regular cell but was segregated from civilian detainees in accordance with Air Force policy.

Judge Ward, the first of two military judges who presided over Appellant's court-martial, ordered Appellant's release from pretrial confinement upon concluding that the PCRO abused his discretion under Rule for Courts-Martial (R.C.M) 305. Specifically, Judge Ward found that the PCRO erred by focusing his analysis almost entirely on the nature of the allegations against Appellant and ignoring the evidence supporting Appellant's release, to include Appellant's excellent duty performance and total lack of derogatory data.[1] Furthermore, Judge Ward found that the PCRO abused his discretion when he determined Appellant was a flight risk simply because Appellant and his wife lived apart.

At a later hearing, Judge Gruen considered Appellant's motion for pretrial confinement credit. Arguing his pretrial confinement violated the Fifth Amendment of the U.S. Constitution,[2] Article 13, UCMJ, and R.C.M. 305, Appellant requested five days of additional credit for each day that he spent in pretrial confinement. Judge Gruen found that the 72 hours Appellant spent in the padded cell was reasonable; that there was no intentional imposition of punishment on Appellant; and that the conditions of confinement were not more rigorous than necessary to ensure his presence at trial. She further found that the administrative procedures of R.C.M. 305 were correctly followed. Recognizing, however, that Judge Ward previously determined that the PCRO had abused his discretion, she awarded Appellant one day of additional confinement credit for each day that he spent in pretrial confinement.

Appellant's release from pretrial confinement was based exclusively on Judge Ward's interpretation of R.C.M. 305; he made no findings concerning Article 13, UCMJ, or the Fifth Amendment. Also strictly relying on R.C.M. 305, Judge Gruen awarded Appellant additional administrative credit. Thus, Appellant received 238 days of credit for 119 days of pretrial confinement.

---

[1] At the pretrial confinement hearing, Appellant's commander testified that Appellant was always professional, had no derogatory data in his past, received the highest ratings on his Enlisted Performance Reports, was not likely to disobey an order, and was not a flight risk. The PCRO included this information in the extensive review memorandum he prepared following the hearing.

[2] U.S. CONST. amend. V.

## II. DISCUSSION

### A. Law

The question of whether an appellant is entitled to pretrial confinement credit for a violation of Article 13, UCMJ, is a mixed question of fact and law. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997). On findings of fact, we defer to the military judge, provided those findings are not clearly erroneous. *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). "[A]pplication of those facts to the constitutional and statutory considerations, as well as any determination of whether [Appellant] is entitled to credit for unlawful pretrial punishment involve independent, de novo review." *Id.* (citations omitted). Appellant has the burden of establishing entitlement to additional sentence credit for violations of Article 13, UCMJ. *United States v. Mosby,* 56 M.J. 309, 310 (C.A.A.F. 2002).

### B. Analysis

In *King*, our superior court explained the prohibitions of Article 13, UCMJ, as follows:

> Article 13, UCMJ, prohibits two things: (1) the imposition of punishment prior to trial, and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial. The first prohibition of Article 13 involves a purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether such purposes are "reasonably related to a legitimate governmental objective."
>
> . . .
>
> The second prohibition of Article 13 prevents imposing unduly rigorous circumstances during pretrial detention. Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment.

61 M.J. at 227–28 (citation omitted).

Appellant argues that his pretrial confinement violated Article 13, UCMJ, amounted to illegal pretrial punishment, and that the conditions of his pretrial confinement were more rigorous than necessary to ensure his presence at trial. We disagree.

Staff Sergeant (SSgt) JG, the Noncommissioned Officer In Charge of confinement at Robins AFB, testified that military inmates are always segregated

and monitored for their first 24 hours of confinement in accordance with Air Force policy. If there are safety concerns, this period may extend beyond 24 hours. According to SSgt JG and Lieutenant BB, the civilian official in charge of operations at the HCDC, Appellant was confined in accordance with Air Force policy and not punished during his time in pretrial confinement.

In pretrial confinement, Appellant did, initially, suffer multiple emotional breakdowns. During these breakdowns, Appellant would cry, bang his head against a wall, and repeatedly exclaim that his life was over. When Appellant testified for the limited purpose of his motion for pretrial confinement credit, he acknowledged that his behavior was a legitimate cause for concern. He further conceded that any other inmate housed in the padded cell would have been required to wear a hospital gown and that the gown was not meant to humiliate him. Appellant also acknowledged that the lights were kept on for his own safety. According to Appellant, his breakdowns resulted not from the conditions of his confinement but rather from being overwhelmed by the realization that he had been imprisoned and was facing prosecution for pursuing a sexual relationship with a minor.

At the conclusion of the initial 72-hour surveillance period, Appellant was given an orange jumpsuit and moved to a regular cell. There, Appellant was given access to television, books, magazines, and a recreation yard. Furthermore, Appellant received visits from his first sergeant, supervisor, chaplain, and family members. He was allowed to make phone calls and to make purchases from the HCDC commissary. Appellant was never denied access to a counselor.

When he ruled that the PCRO abused his discretion in deciding to continue Appellant's pretrial confinement, Judge Ward took issue with the PCRO's analysis and conclusions, which he felt lacked substantiation. Even if the PCRO's decision did lack adequate justification under R.C.M. 305, this, by itself, does not equate to an intent to punish, which is necessary for a violation of Article 13, UCMJ.

We find there is no evidence of intent to punish Appellant. The purpose served by placing Appellant in pretrial confinement was to protect the local community from someone who was, at the time, believed to be a sexual predator. Thus, his pretrial confinement was "reasonably related to a legitimate governmental objective." *Bell v. Wolfish,* 441 U.S. 520, 539 (1979); *see also McCarthy*, 47 M.J. at 167 (quoting *United States v. James*, 28 M.J. 214, 216 (CMA 1989)). Furthermore, under the circumstances, the conditions of Appellant's pretrial confinement were not more rigorous than necessary to ensure his presence at trial. Appellant's behavior during the first three days of his pretrial confinement understandably raised concerns that warranted the special treat-

ment he received at the HCDC. These conditions did not constitute punishment, and they do not give rise to any inference that Appellant was being punished. *McCarthy*, 47 M.J. at 165; *James*, 28 M.J. at 216.

Therefore, we find that Appellant's pretrial confinement did not violate Article 13, UCMJ. R.C.M. 305(j) and (k) authorize a military judge who is reviewing the propriety of an accused's pretrial confinement to award credit for, among other things, an abuse of discretion or noncompliance with R.C.M. 305. Pursuant to these provisions, Judge Gruen appropriately awarded Appellant one additional day of credit for each day that he was in pretrial confinement, and we decline to award Appellant any further relief.

### III. CONCLUSION

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED.**

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court